1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8

CALEB L MCGILLVARY,                        CASE NO. 3:22-cv-5883

9
                            Plaintiff,     ORDER ON PLAINTIFF'S
                                           MOTIONS FOR ALTERNATIVE
10          v.                             SERVICE AND RELIEF FROM
                                           DEADLINE
11   LAMONT DORSEY,

12                          Defendant.

13

14                      **1. INTRODUCTION**

15          Before the Court are two motions from Plaintiff Caleb McGillvary. The first is

16   a motion for Alternative Method of Service regarding McGillvary's ongoing service

17   of original process on Defendant Lamont Dorsey. Dkt. No. 21. The second is

18   McGillvary's motion for Relief from Deadline, requesting more time to serve Dorsey

19   with the summons and complaint. Dkt. No. 22. As explained in more detail below,

20   the Court DENIES both motions and orders McGillvary to effect service on Dorsey

21   and to file proof of service with the Court.

22

23

ORDER - 1

## 2. BACKGROUND

The Court described most of the relevant background in its order denying McGillvary's motion for entry of default. Dkt. No. 17. Previously, the Court directed McGillvary to serve Dorsey with the summons and amended complaint—or submit evidence of proper service—within 21 days of the Court's order "[t]o avoid dismissal[.]" *Id.* at 6.

In response, McGillvary filed an "affidavit of attempted service," which consists of several sworn statements cataloging his various service attempts. Dkt. No. 18. In one affidavit, a process server recounts a statement from a witness at a home where service was attempted in Garland, Texas that "Dorsey does not have a permanent address, and that he travels from city to city, working for a short time then moving on." *Id.* at 3.

McGillvary also filed two more returns of summonses. The first is an "Amended Proof of Service" that is virtually identical to the return of summons he previously filed attesting to service on an unnamed male at the Garland address on February 14. The Amended Proof of Service differs from the original in that the process server states that he in fact delivered a copy of the "summons and First Amended Complaint," while the original proof of service did not mention service of the complaint. *Compare* Dkt. No. 19 at 2 *with* Dkt. No. 12 at 2.

The second is a declaration of service from McGillvary. In it, he declares under penalty of perjury that he mailed a copy of the summons and amended complaint addressed to Dorsey at the Garland, Texas address and the related address via USPS Certified Mail, Return Receipt Requested on August 15, 2023.

Dkt. No. 20 at 2. McGillvary submitted copies of the "postage remit" slip indicating mailings to Dorsey, but he did not submit a return receipt showing proof of delivery with the recipient's signature. *See id.*

McGillvary moves for leave to serve Dorsey by email or YouTube and more time to effect service. In his supporting declaration, McGillvary attests that Dorsey "travels from town to town; making his living by filming videos of himself" at "gravesites of famous homicides." *See* Dkt. No. 21-1 at 1. The gravesites are located "across America." Dkt. No. 4 at 4.

More than 300 days have passed since McGillvary filed his initial complaint.

## 3. DISCUSSION

Pro se litigants "must be ensured meaningful access to the courts." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). This means they are not held to the same standard as licensed attorneys and form will often give way to substance. *Garmon v. Cnty. of Los Angeles,* 828 F.3d 837, 846 (9th Cir. 2016). But pro se litigants are still bound by the same rules of procedure that govern other litigants, and failure to follow them may result in dismissal. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Despite his diligence, the Court cannot look past McGillvary's failure to follow one of the most basic rules—service of original process—which barring a showing of "good cause," may doom his case.

### 3.1.  Legal standards.

With limited exceptions that do not apply here, plaintiffs must serve defendants with a summons and a copy of the complaint within 90 days of filing

their complaint. Fed. R. Civ. P. 4(m). If proper service is not made within this time, the Court may on its own accord after notice to the plaintiff dismiss the action for failure to achieve timely service. *Id.*

Under Fed. R. Civ. P. 4(e)(1), a plaintiff may serve a defendant in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." McGillvary requests leave to serve Dorsey by alternative means under Texas state law, but the record shows McGillvary has no idea where Dorsey is located—which state even. Indeed, McGillvary has tried unsuccessfully to serve Dorsey in Washington, California, and most recently in Texas. The latest information obtained and sworn to by McGillvary's third-party process server is that Dorsey lives at neither the Garland, Texas address nor its related address found by McGillvary's skip tracer. On this record, the Court has no confidence that McGillvary is physically located in Texas and will not follow its rules of service as if it is the location "where service is made." *See* Fed. R. Civ. P. 4(e)(1).

So the Court may consider McGillvary's request under the Federal Rules of Civil Procedure or the service of process rules of Washington as the state in which this District is located. *See* Fed. R. Civ. P. 4(e). McGillvary wishes to serve Dorsey by email or YouTube. Dkt. No. 21 at 1, 4.

**3.2.   Service by email or other electronic means under the Federal Rules.**

Under the Federal Rules of Civil Procedure, an individual "[w]ithin a Judicial District of the United States" may be served in any one of three ways; by "(A)

delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).

The Federal Rules do not provide for original service of process on a defendant *within the United States* by email or other electronic means where service has not been waived. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 579 (N.D. Cal. 1999) (holding service "by electronic mail to the e-mail addresses associated with" the defendants "is not sufficient to comply with the Federal Rules of Civil Procedure"); *cf.* Fed. R. Civ. P. 4(f) (providing alternative methods for service on persons in foreign countries).

Because McGillvary has alleged that Dorsey is now located somewhere within the United States, he may not use the Federal Civil Rules to effect service by email or social media.

### 3.3.  Service by email or other electronic means under Washington state law.

Personal service is required under Washington law, meaning that the summons and complaint must be served "to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(15); *see also* RCW 4.28.180. Service by publication is authorized by statute under some circumstances, like when a *resident* defendant has left Washington to avoid creditors, or to avoid a

summons, or has concealed himself within the state with like intent. RCW 4.28.100(2). Service by publication, however, cannot be used when the court's jurisdiction is based on Washington's long-arm statute. RCW 4.28.185(2). But the Washington rules do not authorize original service of process by email or social media.

Thus, McGillvary's specific request for alternative service is not permitted under Washington law either.

## 4. CONCLUSION

Accordingly, McGillvary's Motion for Alternative Service is DENIED. Dkt. No. 21. The Court recognizes McGillvary's efforts in trying to serve Dorsey under difficult circumstances, but his case has been pending for more than 300 days and he has not accomplished service.

The Court GRANTS in part and denies in part McGillvary's motion for relief from the deadline. Dkt. No. 22. McGillvary may have another 14 days from the date of this order to effect service on Dorsey and to file proof of service with the Court. Absent a showing of good cause, the Court will grant no further extensions. Failure to serve Dorsey within the time provided will result in dismissal of McGillvary's case under Fed. R. Civ. P. 4(m) for failure to effect timely service.

Dated this 20th day of October, 2023.

Jamal N. Whitehead
United States District Judge

ORDER - 6