UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALEB L MCGILLVARY, | CASE NO. 3:22-cv-5883 |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| LAMONT DORSEY, | |
| Defendant. | |

Plaintiff Caleb McGillvary's case against Defendant Lamont Dorsey has been pending for over a year, but he has yet to properly serve Dorsey. *See* Dkt. No. 1. On October 20, 2023, the Court denied McGillvary's motion for alternative service and gave him another 14 days to effect proper service. *See* Dkt. No. 25. McGillvary now moves for reconsideration of the Court's order denying his motion for alternative service. Dkt. No. 26.

"Motions for reconsideration are disfavored." LCR 7(h)(1). District courts will deny such motions unless there's a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's]

ORDER DENYING MOTION FOR RECONSIDERATION - 1

attention earlier with reasonable diligence." *Id*. Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The Court denied McGillvary's request for alternative service because his proposed means of service—via email or social media—are not permitted under the Federal Rules or Washington law under these circumstances. *See generally* Dkt. No. 25.

McGillvary asks the Court to reconsider its ruling because in a prior Order, the Court had suggested that McGillvary may be able to serve Dorsey under Texas law. *See* Dkt. No. 17 at 2 ("Plaintiff must follow the guidelines for service found in Rule 4, the state law for service in the state where the district court is located, or the state where service is made. Fed. R. Civ. P. 4(e). Here, Plaintiff may comply with either Fed. R. Civ. P. 4 or the state laws of Washington, where the District is located, or Texas, where service was purportedly made.").

ORDER DENYING MOTION FOR RECONSIDERATION - 2

When the Court issued that Order, however, McGillvary was attempting to serve Dorsey in Texas, which is why the Court considered service requirements under Texas law. Dkt. No. 17. But since then, McGillvary has filed sworn statements disclosing that Dorsey is probably not in Texas. According to McGillvary, Dorsey lives "in a van & travels from town to town," "making his living by filming videos of himself" at "gravesites of famous homicides." See Dkt. No. 21-1 at 1. McGillvary claims the gravesites are located "across America." Dkt. No. 4 at 4. Indeed, Dorsey's YouTube pages, Lamont at Large and Fascinating Graveyard, feature recent videos filmed in California, Illinois, and Nevada.[1] Without evidence that service would occur in Texas, the Court cannot permit McGillvary to serve Dorsey under the Texas service of process rules. *See* Fed. R. Civ. P. 4(e)(1). Thus, this is not a case of the Court departing from a prior ruling, but rather later factual developments rendering the prior guidance moot or untenable.

McGillvary also argues that the doctrine of res judicata applies in this situation, but because this is "not a new action, traditional claim preclusion and issue preclusion do not apply." *United States v. Walker River Irrigation Dist.*, 890 F.3d 1161, 1172 (9th Cir. 2018). This is the same case, not a subsequent proceeding.

---

[1] "[T]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007).

ORDER DENYING MOTION FOR RECONSIDERATION - 3

Additionally, "[t]he law of the case doctrine does not preclude a court from reassessing its own legal rulings in the same case." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018).

McGillvary fails to show why the Court should reverse or modify its previous ruling. Accordingly, his motion for reconsideration is DENIED.

Dated this 22nd day of November, 2023.

Jamal N. Whitehead
United States District Judge