**NOT FOR PUBLICATION**

FILED

OCT 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CALEB L. McGILLVARY,

Plaintiff - Appellant,

v.

LAMONT DORSEY,

Defendant - Appellee.

No. 23-4041

D.C. No. 3:22-cv-05883-JNW

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Jamal N. Whitehead, District Judge, Presiding

Submitted October 15, 2025**

Before: FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Caleb L. McGillvary appeals pro se from the district court's order dismissing his action alleging various federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to serve timely the summons and complaint under Federal

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 4(m). *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion by failing to enter defendant's default and dismissing McGillvary's action because McGillvary failed to effect proper service on defendant after being given notice, opportunities, and directives to do so, and McGillvary did not establish good cause for his failure to serve. *See* Fed. R. Civ. P. 4(e) (describing proper methods for service of process on an individual, including by following state law "in the state where the district court is located or where service is made"), 4(c)(2) (permitting "[a]ny person who is at least 18 years old and not a party [to] serve a summons and complaint"), 4(m) (explaining that the district court may dismiss without prejudice for failure to serve after providing notice and absent a showing of good cause); Wash. Rev. Code § 4.28.080(17) (2015) (authorizing service on a person "[b]y leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof, and by thereafter mailing a copy by first-class mail, postage prepaid, to the person to be served at his or her usual mailing address"); Tex. R. Civ. P. 107 (requiring a return of service to "contain the return receipt with the addressee's signature"); *see also* Tex. R. Civ. P. 106 (the court may authorize alternative manners of service "[u]pon motion supported by a statement . . . listing any location where the defendant can probably be found and

stating specifically the facts showing that service has been attempted . . . at the location named in the statement but has not been successful).

We reject as unsupported by the record McGillvary's contention that the district judge was required to recuse himself under 28 U.S.C. § 455.

McGillvary's motion (Docket Entry No. 6) for an extension of time to file the opening brief is denied as unnecessary. McGillvary's motion (Docket Entry No. 15) for an order regarding alleged citizenship is denied.

**AFFIRMED.**